```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


JAMES J. STAHL,

              Plaintiff,

      vs.                              Civil Action 2:14-cv-2352
                                       Judge Watson
                                       Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
```

## REPORT AND RECOMMENDATION

### I.   Background

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security finding that The James J. Stahl Trust, as reformed in 2007 (and relating back to the trust creation on May 21, 2002), must be counted as a resource for plaintiff James J. Stahl for purposes of supplemental security income.  This matter is before the Court on *Plaintiff's Statement of Errors* ("*Statement of Errors*"), ECF 9, and *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), ECF 14.

In order to qualify for supplemental security income, an individual who is not married must, *inter alia*, possess no more than $2,000 in resources.  42 U.S.C. § 1382.  "[R]esources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance."  20 C.F.R. §

416.1201(a).  Certain trust assets, including those in a "special needs trust" (also known as a "Medicaid payback trust") are not considered countable resources.  42 U.S.C. § 1396p(d)(4)(A).  A "special needs trust" is

> [a] trust containing the assets of an individual under age 65 who is disabled . . . and which is established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter.

*Id*.  A special needs trust is not a countable resource if it meets all three requirements of Section 1396p(d)(4)(A), *i.e.*, if it (1) contains the assets of an individual who is under the age of 65 and who is disabled; (2) is established for the benefit of such individual by a parent, grandparent, legal guardian, or a court; and (3) provides that the State will receive all amounts remaining in the trust upon the death of the individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State Medical plan.  *See id.*; POMS SI 01120.203(B)(1).[1]

The James J. Stahl Trust Agreement was established on May 21, 2002, through a conservatorship for the benefit of plaintiff.  *PAGEID* 45-56.  The trust was funded by an inheritance to plaintiff in the amount of approximately $74,000.  *Id.*; *PAGEID* 41.  In a letter dated January 11, 2006, plaintiff was informed by the Social Security

---

[1] The parties agree that POMS SI 01120.203(B)(1) accurately sets forth the requirements of a special needs trust under 42 U.S.C. § 1396p(d)(4)(A).

2

Administration that his supplemental security income benefits would cease in February 2006 because he had resources worth more than $2,000, *i.e.*, the trust. *PAGEID* 70. Plaintiff was notified on February 2, 2006, that he had been overpaid $16,527 in supplemental security income benefits from September 2003 through January 2006. *PAGEID* 76. Plaintiff filed a request for reconsideration, which was denied on December 26, 2006. *PAGEID* 94-97. On January 8, 2007, plaintiff requested a *de novo* hearing before an administrative law judge. *PAGEID* 99.

On January 18, 2007, the Probate Court of Franklin County, Ohio, granted a motion to reform the trust. *PAGEID* 25-29. Item II(C) and Item II(D) of the trust were amended "for purposes of compliance with Social Security Administration requirements." *Id*.

An administrative hearing was held on August 4, 2008, at which plaintiff, represented by counsel, appeared and testified. *PAGEID* 227-47. In a decision dated February 26, 2009, the administrative law judge determined that the original trust was a countable resource within the meaning of 20 C.F.R. § 416.1201 and did not meet the requirements for a special needs trust under 42 U.S.C. § 1396p(d)(4)(A) because it was not for the sole benefit of plaintiff and it did not give priority to the state for reimbursement of medical expenses upon plaintiff's death. *PAGEID* 14-23. The Appeals Council denied review on December 21, 2011. *PAGEID* 2-5. Plaintiff sought review of that decision in this Court and, upon joint motion, the matter was remanded to the Commissioner. *Stahl v. Commissioner of*

*Social Security,* 2:12-cv-137 (S.D. Ohio Nov. 6, 2012); *see also PAGEID* 300-01. The Appeals Council vacated the February 26, 2009 decision and remanded the case to the administrative law judge with directions to, *inter alia*, "consider the Trust, as reformed by the January 2007 court order, in determining whether the Trust meets the requirements of 42 U.S.C. § 1396p(d)(4)(A) as of May 21, 2002." *PAGEID* 305-07.

Another administrative hearing was held on September 30, 2013, at which plaintiff, represented by counsel, appeared and testified. *PAGEID* 337-62. In a decision dated January 3, 2014, the administrative law judge found that the "James J. Stahl Trust, as reformed in January 2007 (and relating back to the trust creation on May 21, 2002), does not meet all three criteria of the exception outlined in Section 1917(d)(4)(A) of the Social Security Act and, therefore, must be counted as a resource for SSI purposes." *PAGEID* 266-76. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 2, 2014. *PAGEID* 248-51.

**II.  Standard**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision employed the proper legal standards and is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

**III. Discussion**

The administrative law judge relied on Program Operations Manual System ("POMS") SI 01120.201F(2) and concluded, first, that the James J. Stahl Trust, as reformed in January 2007 (and relating back to the trust creation on May 21, 2002), does not meet the second criterion of Section 1396p(d)(4)(A) because the trust was not created for the sole benefit of plaintiff. PAGEID 268-70. In this regard, the administrative law judge specifically found that Item II(C) of the trust, "Frustration of Trust Purpose," could permit distributions during plaintiff's lifetime to contingent beneficiaries identified in

5

the trust, *PAGEID* 269-70, and that Item V, "Restriction Against Alienation," creates contingent interests in "any other beneficiary or beneficiaries." *PAGEID* 270-71. Relying on POMS SI 01120.203(B)(1)(h), the administrative law judge also concluded that the third criterion of Section 1396p(d)(4)(A) was not satisfied because the trust provides for reimbursement of Medicaid benefits to only the State of Ohio and not for "the total medical assistance paid on behalf of the individual under a state plan." *PAGEID* 272-73. In this regard, the administrative law judge explained that the trust improperly "excludes other States who might have previously, OR *who might in the future* provide medical assistance on behalf of the beneficiary under the State's Medicaid program." *PAGEID* 273 (emphasis in original). For both these reasons, the administrative law judge concluded that the James J. Stahl Trust does not qualify as a special needs trust under 42 U.S.C. § 1396p(d)(4)(A) and must therefore be counted as a resource for supplemental security income purposes. *PAGEID* 267, 275-76.

In his *Statement of Errors*, plaintiff argues that the administrative law judge erred in relying on the POMS and in concluding that the trust is not a valid special needs trust under 42 U.S.C. § 1396p(d)(4)(A).[2]

---

[2] Plaintiff's *Statement of Errors* cites only to the vacated February 26, 2009 administrative decision. In addition to the arguments noted *supra*, plaintiff also argues that the administrative law judge refused to acknowledge the 2007 reformation of the trust and that the administrative law judge improperly relied on POMS SI 01120.203(B)(3)(a) to find that the trust's provision for payment of burial expenses and administrative costs rendered the State of Ohio a secondary beneficiary. *See Statement of Errors*, pp. 9, 13-14. As

6

As noted *supra*, a special needs trust is not a countable resource if it meets all three requirements of Section 1396p(d)(4)(A), *i.e.*, if it (1) contains the assets of an individual who is under the age of 65 and who is disabled; (2) is established for the benefit of such individual by a parent, grandparent, legal guardian, or a court; and (3) provides that the State will receive all amounts remaining in the trust upon the death of the individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State Medical plan. There is no dispute that the trust at issue in this case meets the first criterion of Section 1396p(d)(4)(A). The second criterion requires that the trust be "established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court." 42 U.S.C. § 1396p(d)(4)(A). *See also* POMS SI 01120.203(B)(1). Citing POMS SI 01120.201F(2), the administrative law judge noted that this "provision requires that the trust be for the _sole benefit_ of the individual." *PAGEID* 269 (emphasis in original). The administrative law judge then evaluated the trust and determined that Item II(C) and Item V of the trust improperly create contingent beneficiaries:

The January 2007 trust "reformation" stated the following:

---

noted *supra*, the administrative law judge's February 26, 2009 decision was vacated by the Appeals Council on January 30, 2013, *PAGEID* 302-07, and the administrative law judge's January 3, 2014 decision is the final decision of the Commissioner of Social Security.  In any event, the 2014 administrative decision acknowledged the 2007 reformation of the trust and did not rely on POMS SI 01120.203(B)(3)(a).  Although the administrative law judge did not consider that the trust was again reformed on July 18, 2008, *see PAGEID* 30-35, 249, plaintiff does not mention the 2008 reformation of the trust in his *Statement of Errors*.  The Court has interpreted the remainder of plaintiff's argument to apply to the administrative law judge's January 3, 2014 decision.

7

**ITEM II(C):** Frustration of Trust Purpose. Should the State of Ohio fail to honor the terms of this Trust, should the Grantor's intentions be frustrated by actions of any State or Federal Agency, or should 42 U.S.C. § 1396p(d)(4)(A) be repealed or judicially emasculated, the Trustee will distribute this Trust as set forth in ITEM VI.

. . .

As referenced in Item II(C), Item VI sets forth how distributions of trust proceeds would be made should the trust terminate because of failure by the State of Ohio to honor the terms of the trust, if the Grantor's intentions are frustrated by actions of any State or Federal Agency, or if 42 U.S.C. § 1396p(d)(4)(A) is repealed or judicially emasculated. Thus, these distributions could be made during the lifetime of the claimant. Moreover, the distributions, in part, would be made to charities identified in the trust. This express language clearly allows for distribution of assets during the claimant's lifetime to third parties. Consequently, since contingent interests are created from this provision, the trust was not established for the sole benefit of the beneficiary (i.e., claimant).

Item V of the May 2002 trust document, entitled *Restriction Against Alienation*, stated the following:

> If a beneficiary alienates or attempts to alienate any interest or right to receive payments under any trust created by this document, or if, by any reason the payments or any part thereof would but for this Item become payable to or pass to for the benefit of any person, corporation or governmental agency other than the beneficiary, then the interest in and the right of the beneficiary to receive the payments will cease and terminate and thereafter the payments, or any part thereof forfeited by the beneficiary, will be applied as determined by the Trustee in the Trustee's uncontrolled discretion to the use of any other beneficiary or beneficiaries in the manner and portions as the Trustee determines.

It is important to note at the outset that Item V was **not** "reformed" in the January 2007 "reformation", despite the fact that the Social Security Administration found that this part of the trust created contingent interests that could benefit third parties during the lifetime of the claimant (Exhibit 1).

8

> In correspondence dated April 2006, the claimant's counsel, Richard Meyer, argued that the language in Item V, which states, "any other beneficiary or beneficiaries", should only be understood to mean James J. Stahl, since the term "beneficiary" is defined in Item III(C) as "James J. Stahl" (Exhibit 10).
>
> However, the express language of Item V states "any other beneficiary or beneficiaries". If the trust was meant solely to mean that James is synonymous with the term "beneficiary", then why did the trust state the words "any other" and "beneficiaries"? If James were to be the only one to benefit from the forfeited payments, then it would seem more reasonable to indicate the payments would be applied by the Trustee to the "beneficiary" in the manner and portions as the Trustee determines, especially since the term "beneficiary" was defined in Item III. The terms "any other beneficiary" and "beneficiaries" were not defined. For these reasons, Mr. Meyer's argument is not persuasive that this portion of the trust was to benefit the claimant as the sole beneficiary.
>
> . . .
>
> Since Item V was not "reformed" in January 2007, the undersigned has compared Item V of the original May 2002 trust to the POMS set forth above. As set forth above, the express language of Item V creates contingent interests in "any other beneficiary or beneficiaries". Thus, the trust benefits individuals, other than the claimant, and, therefore, does not solely benefit the claimant.
>
> . . .
>
> Given that Item II(C) and Item V provide for the trust corpus or income to be paid to a beneficiary/beneficiaries other than the claimant (i.e., the SSI applicant) (thereby creating contingent interests), the trust is not established for the sole benefit of the claimant, and, accordingly, disqualifies the trust from the special needs trust exception.

*PAGEID* 269-71 (emphasis in original).

Plaintiff argues that the administrative law judge's application of POMS SI 01120.201(F)(2) in this regard is unreasonable because it is inconsistent with the statute, Section 1396p(d)(4)(A). It was

9

improper to rely on the POMS, plaintiff argues, because Section 1396p(d)(4)(A) requires only that the trust be "for the benefit" of the beneficiary, not for the "sole benefit" of the beneficiary.  *See Statement of Errors*, pp. 5-12.  Plaintiff also argues that, "[i]f the contingency arises that the trust does not effectively function as a (d)(4)(A) trust, only then would any other beneficiaries be considered.  Therefore, as long as the trust meets the requirements of (d)(4)(A), O.R.C. 5163.21(F)(1), and POMS SI 01120.203, no contingent beneficiaries exist."  *Statement of Errors*, p. 13.  Plaintiff's arguments are not well taken.

Section 1396p(d)(4)(A) provides that a special needs trust must be "established for the benefit of [an individual under age 65 who is disabled]."  42 U.S.C. § 1396p(d)(4)(A).  The Social Security Administration "has interpreted this provision to require that the trust be for the sole benefit of the individual, as described in SI 01120.201F.2."  POMS SI 01120.203(B)(1)(e).  Any provision (other than those falling within several enumerated exceptions) that "allow[s] for termination of the trust prior to the individual's death and payment of the corpus to another individual or entity (other than the State(s) or another creditor for payment for goods or services provided to the individual), will result in disqualification for the special needs trust exception."  *Id*.

Item V of the trust at issue in this case provides:

> If a beneficiary alienates or attempts to alienate any interest or right to receive payments under [the trust], . . . then the interest in and the right of the beneficiary to receive the payments will cease and terminate and

10

> thereafter the payments, or any part thereof forfeited by the beneficiary, will be applied as determined by the Trustee in the Trustee's uncontrolled discretion to the use of any other beneficiary or beneficiaries in the manner and portions as the Trustee determines.

*PAGEID* 48. As noted by the administrative law judge, *see PAGEID* 270-71, this provision allows for termination of the trust prior to plaintiff's death and payment to another individual, *i.e.*, "any other beneficiary or beneficiaries," in the trustee's discretion. Plaintiff seems to argue that Item V applies only if the "trust does not effectively function as a (d)(4)(A) trust." *See Statement of Errors*, pp. 12-13. By its express terms, however, Item V applies when, *inter alia*, plaintiff alienates or attempts to alienate his interest in the trust. The trust could therefore terminate during plaintiff's life and result in payment of the corpus to another individual. Accordingly, the Court finds no error in the administrative law judge's decision in this regard.

Plaintiff also complains that the administrative law judge erred in relying on the POMS, the Social Security Administration's Program Operations Manual System. Although the POMS "does not have the force and effect of law, it is nevertheless persuasive." *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989) (citing *Evelyn v. Schweiker,* 685 F.2d 351 (9th Cir. 1982)). "The POMS explains the meaning of Social Security Act terms as well as the meaning intended by terms appearing within the regulations." *Id*. (citing *Powderly v. Schweiker,* 704 F.2d 1092 (9th Cir. 1983)). As explained by the administrative law judge, the "POMS is Agency-

approved policy that should be given deference to the extent it is not unreasonable, inappropriate, or conflict with the statute, regulations, and ruling." *PAGEID* 274.

The administrative law judge found that "there is no compelling or persuasive evidence that establishes that POMS [SI 01120.201(F)(2)] is inconsistent with the statute, regulations, and rulings." *PAGEID* 274. This Court agrees. *See Ham ex rel. Ham v. Colvin*, No. 4:14-CV-3065, 2015 WL 1754641, at *3 (D. Neb. Apr. 17, 2015) (finding POMS SI 01120.201(F)(3) "not unreasonable: an early termination provision that avoided recapture would have the effect of avoiding the statutory requirement of recapture upon the beneficiary's death."); *Draper v. Colvin*, 779 F.3d 556, 561 (8th Cir. 2015) (finding that the provisions of POMS SI 01120.203B "warrant relatively strong *Skidmore* deference" because they "fall squarely within the SSA's area of expertise," "demonstrate valid reasoning," are "are part of a relatively long-standing and consistent interpretation that ensures universal applicability of [§ 1396p(d)(4)(A)]). Considering that the third criterion of a special needs trust requires repayment of certain government benefits upon the death of the trust beneficiary, *see* 42 U.S.C. § 1396p(d)(4)(A), it is reasonable to interpret the first criterion to require that the trust be for the sole benefit of that beneficiary.

Under the third criterion of Section 1396p(d)(4)(A), a qualified special needs trust requires that "the State receive all amounts remaining in the trust upon the death of such individual up to an

amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter." 42 U.S.C. § 1396p(d)(4)(A).  *See also* POMS SI 01120.203(B)(1).  Citing POMS SI 01120.203, the administrative law judge held that, "to qualify for the special needs trust exception, the trust must contain specific language as set forth in the third requirement." PAGEID 272.  The administrative law judge found that the trust at issue in this case failed to meet the third criterion because Item II(D) of the trust "provides for reimbursement only to the State of Ohio."  *Id*. Plaintiff challenges this finding.

Specifically, plaintiff again argues that the administrative law judge erred in relying on the POMS.  According to plaintiff, "[t]he ALJ's assertion that '[t]o qualify for the special needs trust exception, the trust must contain specific language that provides that upon the death of the individual, *the State(s)* will receive all amounts remaining in the trust, up to an amount equal to the total amount of medical assistance paid on behalf of the individual under the State Medicaid plan(s)' is simply not a requirement of either Ohio or federal law." *Statement of Errors*, pp. 7-8.  Plaintiff's argument is without merit.

Item II(D) of the trust requires that the State of Ohio be reimbursed, upon plaintiff's death, for "the total medical assistance paid on behalf of the beneficiary under the State's Medicaid program, including the Home and Community Based Services Waiver Programs. *PAGEID* 46-47.  Limiting reimbursement for medical assistance paid on

13

behalf of plaintiff under a single state's Medicaid plan is contrary to the requirement of Section 1396p(d)(4)(A) that "the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan." *See* 42 U.S.C. § 1396p(d)(4)(A).  POMS 01120.203(B)(1)(h) provides that "the trust must contain specific language that provides that upon the death of the individual, the State(s) will receive all amounts remaining in the trust, up to an amount equal to the total amount of medical assistance paid on behalf of the individual under the State Medicaid plan(s)." The POMS also provides that the "trust must provide payback for any State(s) that may have provided medical assistance under the State Medicaid plan(s) and not be limited to any particular State(s)."  *Id*.

The requirement that a special needs trust not limit reimbursement of Medicaid benefits to any particular state is consistent with Section 1396p(d)(4)(A) and is reasonable.  As noted by the administrative law judge, "[t]here is no guarantee that the claimant will only live in Ohio."  *PAGEID* 273.  Moreover, as noted *supra*, the United States Court of Appeals for the Eighth Circuit recently held that the provisions in POMS SI 01120.203B "warrant relatively strong *Skidmore* deference" because

> [t]he relevant POMS provisions fall squarely within the SSA's area of expertise. In addition, the POMS provisions demonstrate valid reasoning; that is, the detailed process required for establishing qualifying special-needs trusts contained in the POMS is consistent with "Congress's command that all but a narrow class of an individual's assets count as a resource when determining the financial need of a potential SSI beneficiary." Finally, the

14

>provisions interpreting § 1396p(d)(4)(A) are part of a relatively long-standing and consistent interpretation that ensures universal applicability of the statute.

*Draper*, 779 F.3d at 561-62 (internal citations omitted). Accordingly, the Court finds no error in the administrative law judge's evaluation of the third criterion.

Plaintiff next argues that the administrative law judge erred by relying on the POMS and not Ohio law to interpret the trust. *Statement of Errors*, pp. 14-18. According to plaintiff, the administrative law judge should have applied "state law for questions regarding the availability of the trust, specific language required for a trust, and whether the trust complied with federal and state law." *Id*. at p. 14. Plaintiff reasons that the trust at issue in this case should be recognized as a special needs trust under 42 U.S.C. § 1396p(d)(4)(A) because it was called a "Medicaid Payback Trust," was intended to be a special needs trust, and "passed muster under the scrutiny of the Franklin County Department of Job & Family Services." *Statement of Errors*, pp. 10, 14-18. Plaintiff perceives no "reasonable policy objective" in including the trust as a countable resource when "the Medicaid agency in Ohio has not objected to the trust." *Id*. at p. 10. The administrative law judge considered – and rejected – this argument as follows:

>The "intentions" of the original trust document have been meticulously considered per the directive of the Appeals Council. However, as precisely articulated earlier in this decision, the January 2007 "reformation" and July 2008 "amendment", regardless of what phrases are chosen by counsel, still do not qualify for the trust exception outlined in Section 1917(d)(4)(A).

15

> It is important to recognize that the Agency-approved POMS are in place to provide guidance on what trusts can and cannot state in order to maintain eligibility for Supplemental Security Income. If the general "intent" argument were accepted in every trust case, then an undeniable precedent would be established, thereby creating an unintended avenue for every individual who drafts a trust to assert that they "intended" to conform to the policy they are alleged to be in conflict with. Eliminating disparities and conflicts is most certainly a purpose of POMS.

*PAGEID* 275. The Court agrees with the reasoning of the administrative law judge. Although plaintiff may have intended to create a special needs trust, the trust simply does not meet the requirements of a special needs trust under 42 U.S.C. § 1396p(d)(4)(A).

Having carefully considered the entire record in this action, the Court concludes that the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

**IV. Procedure on Objections**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 9, 2015                                              *s/Norah McCann King*
                                                                                  Norah McCann King
                                                          United States Magistrate Judge